CASE 38—PETITION ORDINARY—OCTOBER 3.

# Smith vs. Gorin, &c.

#### APPEAL FROM BARREN CIRCUIT COURT.

1. The subject-matter is an indispensable element of a contract for the absolute sale of it, as an existing thing, and its unexpected non-existence deprives the contract of legal obligation, and both parties may treat it as void.

2. S. sold tobacco to G. and received the agreed price; but before that time, the tobacco had been sold by the agent of S. to strangers for a sum larger than that paid by G. On presentation of the order for the tobacco, the agent paid G. the whole price for which he had sold it. *Held*—That S. was entitled to recover the excess over the price he received from G.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant, James D. Smith, owning four hogsheads of tobacco consigned to a warehouse-man in Louisville for sale, made sale of it to the appellees, T. J. Gorin, J. E. Gorin, and D. M. Ashby, at his residence in Barren county, for the price of $949, paid to him at the time of the contract transferring the title. But, without the knowledge of either party, the consignee had, just before that sale, sold the tobacco to some stranger for $1,294 24 cents, net proceeds, which, on the presentation of their order for the tobacco, the appellees received from the agent who had sold it.

The difference between these two amounts being $345 24, this action seeks to recover on an implied assumpsit. The circuit court, adjudging the appellees entitled to the entire amount of the net proceeds of the consignee's sale, sustained a demurrer to the petition, and rendered a judgment in bar of the appellant's action.

As the subject-matter is an indispensable element of a binding contract for the absolute sale of it as an existing thing, its unexpected non-existence deprives the contract of legal obligation, and leaves the parties in *statu quo* except as to the consideration advanced by the vendee, to restore which the law implies a promise by the vendor. Either party to a contract induced by an essential mistake of both parties may treat it as void. This principle is too well settled to need argument or the citation of authorities. Its application to the admitted facts of this case is obvious and inevitable. Each party supposing that the specific tobacco contracted for was still the property of the vendor, and in his constructive possession, their contract was absolute, and neither embraced nor applied to any other subject of sale. It could not, by any legal or reasonable construction, apply to the net proceeds of the unknown sale of the tobacco by the consignee. When he sold it the appellees had no right to it, nor any interest in it; and the proceeds, therefore, belonged to the appellant who never sold that fund to them, and would not have done so had he known that it, instead of the tobacco, was his property. And the appellees, by their specific purchase, acquired no right to the money which the consignee held to the use of the appellant. Had that sum been less than the price they paid the appellant for the tobacco, they would not have been bound to accept it as a full satisfaction; and, whether more or less, the consignee had no authority to deliver it to them; and, when delivered, they had no right to retain more than they had paid, and held the excess to the implied use of the appellant.

We are, therefore, of the opinion (Judge Sampson not sitting) that this action, as brought, is maintainable.

Wherefore, the judgment on the demurrer is reversed, and the cause remanded for further proceedings consistent with this opinion.